UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ALTON G. SMITH, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 13-2179-CSB-DGB |
| | ) |
| **CHAD KOLITWENZEW, CHAREE SANGSTER, TIMOTHY BUKOWSKI, MICHAEL DOWNEY, CORRECTIONAL OFFICER MCCABE, CORRECTIONAL OFFICER RICHMOND, and JANE DOE,** | ) |
| | ) |
| **Defendants.** | ) |

**MERIT REVIEW OPINION**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Alton G. Smith, Jr.'s claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Smith has filed the instant case asserting that Defendants violated his Eighth Amendment rights. *First*, Smith alleges that Defendants Correctional Officer McCabe, Correctional Officer Richmond, Assistant Chief of Corrections Chad Kolitwenzew, Nurse Charee Sangster, and a "Jane Doe" violated his Eighth Amendment right to be free from cruel and unusual punishment by ignoring his serious medical condition. Specifically, Smith alleges that he informed each of these Defendants of his need to see an eye doctor due to his worsening eye condition, but none of them ever allowed, assisted, or helped him see an eye doctor for his medical condition.

*Second*, Smith alleges that Defendants Sheriff Timothy Bukowski, and Chief of Corrections Michael Downey maintain a policy that prevented him from receiving treatment for his eyes. Specifically, Smith alleges that this policy provides that only pre-trial detainees—not incarcerated inmates—may receive free health care services at the Jerome Combs Detention

Center. Because he was an incarcerated inmate and not a pre-trial detainee, Smith alleges that this policy prevented him from receiving health services for his eye condition.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official

cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.  And although deliberate means more than negligent, it is something less than purposeful.  The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference.  A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted).  The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired.  Nor does a prisoner need to show that he was literally ignored.  That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

In order to establish a deliberate indifference claim based upon a delay in medical treatment, a prisoner must show that the delay in treatment led to further injury. *Shapley v. Nevada Bd. of State Prison Comm'r*, 766 F.2d 404, 404 (9th Cir. 1985).  Although some courts have concluded that visual impairments can represent a serious medical condition, others have concluded that it does not. *Compare Koehl v. Dalsheim*, 85 F.2d 86, 87 (2d Cir. 1996)(holding

4

that severe double vision and loss of depth perception resulting in prisoner becoming almost sightless without glasses resulted in deliberate indifference) and *Benter v. Peck*, 825 F. Supp. 1411, 1416-14 (S.D. Iowa 1993)(entering injunctive relief instructing that a prisoner be given glasses when he was legally blind without them) *with Dunville v. Morton*, 2000 WL 1206653, *2 (7th Cir. 2000)(finding no Eighth Amendment violation where a prisoner waited 15 months for an eye examination even though he complained about eye pain and headaches) and *Davidson v. Scully*, 155 F. Supp. 2d 77, 87-89 (S.D.N.Y. 2001)(finding no Eighth Amendment violation because plaintiff's lack of proper glasses did not cause degeneration or extreme pain).

In the instant case, the Court finds that Smith has sufficiently stated a claim for deliberate indifference to a serious medical need in violation of his Eighth Amendment rights based upon the delay in seeing an eye doctor. In his Complaint, Smith alleges that Officer McCabe, Officer Richmond, Assistant Chief Kolitwenzew, and Nurse Sangster[1] each knew of his condition, knew of his need for prescription glasses to combat his eye disease, but failed to take any action to ensure that he received the medical treatment that he needed. In fact, Smith alleges that Officers McCabe and Richmond took steps to prevent him from visiting an eye doctor by failing to deliver his medical requests to the appropriate authorities. Smith also alleges that he suffered a worsening of his eye condition based upon the delay in seeing an eye doctor. The Court finds that these allegations in his Complaint are sufficient at this time to set forth a claim upon which relief can be granted against Defendants McCabe, Richmond, Kolitwenzew, and Sangster.

---

[1] It is difficult to determine whether Smith seeks to name a "Jane Doe" as a Defendant. In identifying the parties, he crossed out Jane Doe as a Defendant, but he makes reference to Jane Doe in the body of his Complaint. Nevertheless, to the extent that he seeks to add Jane Doe as a Defendant, his claim is belied by his allegation that Defendant Sangster is "Jane Doe." Accordingly, the Court will dismiss Jane Doe as a party-Defendant.

Likewise, the Court finds that Smith's allegations regarding the official policy not to provide free health care to incarcerated individuals, as opposed to pre-trial detainees, is sufficient to state a claim upon which relief can be granted. Giving the Complaint the liberal reading that it must, Smith has alleged that Timothy Bukowski and Michael Downey are policy-makers and that they maintained a policy at the Jerome Combs Detention Center to deprive certain individuals of their Eighth Amendment rights.

"To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690F.3d 829, 833 (7th Cir. 2012)(quoting *Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007)). "A plaintiff can establish an official policy through '(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final decisionmaking authority.'" *Teesdale*, 690 F.3d at 834 (quoting *Sims*, 506 F.3d at 515).

Here, Smith has made sufficient allegations of a policy instituted and followed by Bukowski and Downey. Giving the Complaint a liberal reading, the Court finds that the Complaint is sufficient at this point, and therefore, the Court will allow Smith's Eighth Amendment claim to proceed against Defendants Bukowski and Downey as well.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim under the Eighth Amendment against Defendants Correctional Officer McCabe, Correctional Officer Richmond,[2] Chad Kolitwenzew, Charee Sangster, Timothy Bukowski, and Michael Downey for deliberate indifference to a serious medical need. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court finds that Plaintiff's Complaint against Defendants Jane Doe fails to state a cause of action upon which relief can be granted, and this Defendant is dismissed.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing him a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall provide to the Clerk said Defendant's

---

[2] The Clerk of the Court is directed to add Correctional Officer McCabe and Correctional Officer Richmond to the Court's docket as party Defendants.

7

current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) DISMISS JANE DOE AS A PARTY DEFENDANT; AND 3) SET AN**

**INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

Entered this 18th day of December, 2013.

      /s Colin S. Bruce
   COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE